SAN JUAN RACING & SPORTING CLUB, INC., Plaintiff and Appellee, *v.* ENRIQUE CASTRO ET AL., Defendants and Appellants.

No. 4125. Argued April 27, 1928.—Decided May 31, 1928.

*R. Rivera Zayas* for the appellants. *Leopoldo Feliú* for the appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

On May 10, 1922, Jesús Mediavilla and Francisco Mesa brought an action against the San Juan Racing & Sporting Club, Inc., praying that the district court annul the resolutions adopted by the defendant corporation prohibiting plaintiff Mediavilla from running his horses on the race-track of the defendant for a period of six months and expelling the other plaintiff, Mediavilla's jockey, from the said race-track.

As an auxiliary remedy of that complaint the plaintiffs obtained from the court a provisional injunction against the defendant corporation ordering it to abstain from putting its resolutions into effect pending the decision of the action for annulment, the order to be made effective if the plaintiffs should furnish security in the sum of $10,000. The security was given jointly and severally by various persons, among them being Enrique Castro and Federico Rubert, who bound themselves to indemnify the corporation for any damages that it might suffer if it should be decided finally that the plaintiffs had no right to the injunction.

The defendant having been cited on May 26, 1922, on motion of the plaintiffs to show cause why it should not be punished by the court for disobeying the order of injunction, it presented in this Supreme Court a certiorari and inhibition proceeding in the case. The writs were issued and finally decided on the 9th of the following November by dissolving the preliminary injunction granted by the court and annulling the subsequent proceedings because the petitioners in the injunction proceeding had no right to the writ.

In view of that decision the San Juan Racing & Sporting Club sued Enrique Castro and Federico Rubert to recover the sum of $10,000 as indemnity for the damages caused by the said writ, consisting of the fees of its attorney in the preliminary injunction proceeding in the district court and in the certiorari proceeding in this Supreme Court, and of the expenses incurred by the corporation in conducting and prosecuting its defense in both proceedings.

The defendants opposed that claim and after trial the district court rendered judgment sustaining the complaint and ordering that the two defendants pay to the plaintiff corporation jointly and severally the sum of $2,500 and in the same manner pay also the costs, expenses, disbursements and attorney's fees in this case.

From that judgment the defendants took the present appeal and assign five errors, the first being that the lower

court erred in overruling the demurrer that the complaint did not adduce facts sufficient to constitute a cause of action.

As grounds for that demurrer, pleaded in the court below and alleged to have been ruled on erroneously, it is contended by the appellants that the undertaking should have been copied into the complaint in full. This was done by the appellee. It is alleged also that the attorney's fees can not be claimed in an action for damages of this nature, but this court has held otherwise in *Moreno* v. *Martínez*, 14 P.R.R. 322, and *Quiñones* v. *American Railroad Co. of Porto Rico*, 17 P.R.R. 252, having reversed the judgment in the latter case precisely in order to allow a certain sum as indemnity for the fees of the attorney whom the party enjoined had to engage to defend his rights.

The second assignment is to the effect that the court committed error in admitting parole evidence regarding the resolution taken by the plaintiff in coming to an agreement with attorney Feliú for the payment of his fees and that this error explains itself without requiring any argument, it being sufficient to call our attention to the Law of Evidence.

The appellants not only do not argue that assignment, but also fail to cite the page of the transcript of the evidence consisting of 429 pages and containing that incident, nor say whether they objected to that evidence; therefore we might dispense with its consideration. We will say, however, that there was no such error, because the agreement with attorney Feliú about his fees was verbal and therefore the evidence objected to was admissible.

The ground of the third assignment of error is the sustaining of the complaint; but this assignment is fundamentally a repetition of the first, because it is insisted that no attorney's fees can be allowed in a claim for damages for obtaining an injunction which is dissolved later, for which reason it is contended that the appellants should have been adjudged to pay such fees. This question has been determined. No

reference is made to the evidence, but we have examined it and it sustains the judgment.

The fourth assignment is the fact of having admitted in evidence and considered as elements for damages the records of the certiorari and inhibition proceedings presented in this Supreme Court by the plaintiff, for even supposing that attorney's fees could be allowed where no damages, properly speaking, have been suffered, the only right to compensation would be for such services as were strictly necessary to secure a dissolution of the injunction and as no costs may be allowed when incurred on appeal, they can not be allowed for any work connected therewith.

The indemnity for damages by an injunction erroneously granted includes also the fees of the attorney whom a party has been compelled to engage to defend his rights, and as the appellee herein, defendant in the preliminary injunction proceeding, was restrained from putting into effect the resolutions sought to be annulled, notwithstanding its arguments in opposition to the issuance of that writ, and as there was an attempt to punish it for contempt, the best way open to it to secure a dissolution of the injunction and set aside the order to show cause why it should not be punished for contempt was to appeal to this Supreme Court with the said proceedings, as shown by the judgment of this court. Therefore the said records were admissible in evidence as a part of the work of the attorney to secure the results which he obtained.

The last assignment of error refers to the allowance of costs in this case.

The persons who brought the action for annulment and obtained the writ of injunction without any right to it, as was held by this Supreme Court, obtained the issuance of the writ on the security given by the appellants, and that petition for and issuance of the writ compelled the appellee herein to defend itself and to use the services of an attorney who had to work in earnest in defense of the rights of his client until

he succeeded in having the writ dissolved. When it is attempted to recover the amount of damages suffered by the party prejudiced by the injunction they then oppose the payment of the attorney's fees and such conduct amounts to temerity and it can not be said, as contended by the appellants, that double costs have been allowed, for the principal holding in this action is indemnity for the damages caused by the injunction, and the imposition of costs is because the defendants temerariously opposed paying the indemnity for damages.

The judgment appealed from must be affirmed.

Mr. Justice Texidor took no part in the decision of this case.